[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-14370

Non-Argument Calendar

_____

LIGIA COLCERIU,
and those similarly situated,

Plaintiff-Appellant,

*versus*

JAMIE BARBARY,
a.k.a. Jamie Engelhardt,
ENGELHARDT & CO. LLC,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:20-cv-01425-MSS-AAS

_____

Before WILLIAM PRYOR, Chief Judge, JILL PRYOR, and BRANCH, Circuit Judges.

PER CURIAM:

Ligia Colceriu appeals the dismissal of her amended complaint against Jamie Barbary and her business, Engelhardt & Company, LLC (Barbary). Colceriu alleged that Barbary unlawfully profited from assisting Instagram "micro-influencers" to amass followers using a "giveaway," which Colceriu registered for free of cost and did not win. The district court ruled that Colceriu lacked standing to bring a putative class action against Barbary for operating an illegal lottery, Fla. Stat. §§ 849.09, 849.094, unjust enrichment, negligent misrepresentation, or violating the Florida Deceptive and Unfair Trade Practices Act, *id.* § 501.201 *et seq.* We affirm.

Colceriu's original complaint alleged that she "saw that [a] few of the influencers she follows [on Instagram] organized a 'giveaway' with total cash prizes of US $9,000." The giveaway originated from "Barbary convinc[ing] and pa[ying] a few influencers to pretend that they organize[d] a lottery" based on a business model that had increased her number of Instagram followers. "[T]o

participate in said game of chance, Colceriu was required to and . . . did follow all the people she had to follow, all 62 of them." She "was never contacted back with the results of the lottery and she never received any prize." Colceriu classified the contest as an "illegal lottery" that, based on the approximate "value of each additional follower added to an Instagram account," amounted to "fraud [of] over $2 million."

Barbary filed a motion to dismiss, which the district court granted. The district court ruled that Colceriu failed to "allege any specific injuries" related to any of her claims. The district court explained that the "[c]omplaint [did] not allege that [Colceriu's] time was wasted or the degree to which it was wasted by [Barbary's] actions or that [Colceriu] suffered an injury related to an 'invasion' of her social media feed by the profiles she followed." "Moreover, [the district court explained,] "it is not clear that a mere waste of time, voluntarily expended, could suffice to establish injury-in-fact" in the light of *Muransky v. Godiva Chocolatier, Inc.*, 979 F.3d 917, 926 (11th Cir. 2020) (en banc), and *Salcedo v. Hanna*, 936 F.3d 1162, 1172 (11th Cir. 2019). The district court dismissed Colceriu's complaint without prejudice and gave her leave to amend with the warning that her failure to "cure[] the defects noted in this Order" "may result in dismissal of this action without notice."

Colceriu amended her complaint to add details about Barbary's relationship with the social media influencers, their enticement, and her related injuries. Colceriu alleged that the influencers, who Barbary "convinced and paid or otherwise rewarded,"

"advertise[d] the[] games of chance" "looking for a fast payout and . . . to artificially increase their profiles" "[w]ithout disclosing that they [were] paid to organize and promote said lotteries." "[W]ithout receiving any basic information like the odds of winning, how and when the drawing is done, [or] who provides the prize," Colceriu entered the contest by following the Instagram profiles of 62 social media influencers listed on Barbary's Instagram page. "It took much longer than 30 seconds [for Colceriu] to follow all the accounts." And "[b]y following the 62 unrelated accounts, [Colceriu] provided . . . [them] access to her data" and "those accounts started to send unsolicited updates and advertising in [her] Instagram feed." Colceriu "was never contacted back with the results of the [giveaway,] . . . never received any prize," and "spen[t] time . . . continu[ing] to parse through her feed and the[] accounts . . . [trying] to find out who won . . . ." She later "expended time . . . [to] unfollow some of the accounts . . . ." According to Colceriu's amended complaint, Barbary's conduct caused contestants of the giveaway "injuries, including but not limited to loss of time and emotional anguish generated by the intrusion upon their seclusion."

On Barbary's motion, the district court dismissed Colceriu's amended complaint for lack of standing. The district court ruled that the allegations in Colceriu's amended complaint, like those in her original complaint, about her "voluntary waste of time . . . was insufficient to establish constitutional standing." The district court stated that Colceriu's "focus [on] the possible earnings of the

alleged perpetrators of the alleged lottery scam" mattered not because "none of their earnings caused injury to [her]." And the district court discerned no concrete harm to Colceriu because she "paid nothing to enter the lottery," "[s]he was promised nothing in exchange for entering the lottery, and she expended at most 62 minutes of energy in the process."

Colceriu moved to file a second amended complaint to add seven influencers as defendants. The district court denied Colceriu's motion "[b]ecause she ha[d] repeatedly failed to allege Article III standing . . . ."

We review *de novo* the threshold jurisdictional question of whether Colceriu had standing to sue. *See Tsao v. Captiva MVP Rest. Partners, LLC*, 986 F.3d 1332, 1337 (11th Cir. 2021). We review the denial of a motion to amend a complaint for abuse of discretion. *Covenant Christian Ministries, Inc. v. City of Marietta, Ga.*, 654 F.3d 1231, 1239 (11th Cir. 2011).

The jurisdiction of federal courts is limited to actual cases and controversies. U.S. Const. art. III § 2; *Trichell v. Midland Credit Mgmt., Inc.*, 964 F.3d 990, 996 (11th Cir. 2020). "The standing doctrine is an aspect of this case or controversy requirement." *Cone Corp. v. Fla. Dep't of Transp.*, 921 F.2d 1190, 1203 (11th Cir. 1991). A plaintiff must satisfy the three elements of standing by alleging facts that establish she suffered an injury in fact, her injury is fairly traceable to the defendant's conduct, and her injury can be redressed by a favorable decision. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992). "To satisfy the causation requirement of

standing, a plaintiff's injury must be 'fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court.'" *Jacobson v. Fla. Sec'y of State*, 974 F.3d 1236, 1253 (11th Cir. 2020) (quoting *Lujan*, 504 U.S. at 560).

We need not decide whether Colceriu suffered an injury-in-fact because, in any event, her "wasted time," inability to "appreciate the danger" of the giveaway, and "invasion of [her] privacy" are not traceable to Barbary. Colceriu voluntarily dedicated her time to research and follow social media influencers' profiles and to register for and later search for the winner of the giveaway. *See Cordoba v. DIRECTV, LLC*, 942 F.3d 1259, 1271 (11th Cir. 2019) ("[A] controversy is not justiciable when a plaintiff independently caused his own injury."). Colceriu consented for the influencers to access her data by following them. *See id.* Those influencers, in turn, were responsible for distributing the data to the advertisers that allegedly bombarded Colceriu's Instagram account. *See Jacobson*, 974 F.3d at 1253. And those influencers, not Barbary, were allegedly required to disclose their pecuniary interests in the giveaway and its rules and regulations. *See id.* "Because [Barbary] didn't do (or fail to do) anything that contributed to [Colceriu's] harm, [she] cannot meet Article III's traceability requirement." *See id.* (quoting *Lewis v. Governor of Ala.*, 944 F.3d 1287, 1301 (11th Cir. 2019) (en banc)). The district court did not err when it dismissed her complaint.

The district court also did not abuse its discretion by refusing to grant Colceriu another opportunity to amend her complaint.

The district court identified the deficiencies in Colceriu's complaint and gave her leave to amend despite no request from her to do so. Despite the warning that a failure to cure those deficiencies would be fatal to her action, Colceriu failed to allege facts to plausibly connect Barbary to the injuries she allegedly suffered.

We **AFFIRM** the dismissal of Colceriu's amended complaint.